IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14-cv-178-MHT-TFM |
| ) | |
| PHENIX CITY POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed March 19, 2014). Pending before the Court is Defendants' *Motion to Dismiss* (Doc. 8, filed May 1, 2014). The Court has carefully reviewed the Motion to Dismiss, the briefs filed in support of and in opposition to the Motion (Docs. 8, 9, and 19) and the supporting and opposing evidentiary materials. For good cause, it is the RECOMMENDATION of the Magistrate Judge that the Defendants' Motion be GRANTED in part, and DENIED in part.

**I. JURISDICTION**

The district court has subject matter jurisdiction over this 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964) action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there

are adequate allegations to support both.[1]  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed August 15, 2013).

## II. STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (explaining "only a

---

[1] Defendants do assert that "[i]f the Court construes Plaintiff's claims against PCPD as claims against the City of Phenix City, Plaintiffs [sic] claims are due to be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5)." *See* Doc. 9 at 2.  However, the Plaintiff did not name the City of Phenix City, thus, the Court does not construe the Complaint as such.  *See* Docs. 1 (Complaint); 7 (Certificate of Service).  Therefore, there remains no challenge on the basis of personal jurisdiction before the Court.

complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED. R. CIV. P. 8 does not require detailed factual allegations; it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. BACKGROUND

The Court accepts as true all relevant facts set forth by the Plaintiff in his Complaint

(Doc. 1). As best as this Court can discern, this Title VII claim arises out of the termination of Plaintiff George Pugh's ("Pugh" or Plaintiff") employment with Defendant Phenix City Police Department ("PCPD"), as caused by the actions of Defendants Police Chief Ray Smith ("Chief Smith"), and Assistant Police Chief Robert Casteel ("Assistant Chief Casteel"). *See* Doc. 1.

Pugh states that in November of 2012, he sat for the "Boards," an examination which determines if an officer will receive a promotion when vacancies arise for the ranks of Sergeant and Lieutenant. *Id.* The Boards consist of a written examination and an oral examination which are administered and graded by members of outside agencies in order to keep the grading impartial. *Id.* Pugh also states that pursuant to PCPD policy, Chief Smith and Assistant Chief Casteel are not allowed to have any contact with the graders. Pugh states that he has witnessed the graders, Chief Smith, and Assistant Chief Casteel leave the building together for a lunch meetings on more than one occassion. *Id.* Pugh states that during these lunch meetings, Chief Smith and Assistant Chief Casteel discuss with the graders which candidates they want to promote. *Id.*

Thus, Pugh argues Chief Smith and Assistant Chief Casteel's improper influence on the graders is an ethical violation that has resulted in the PCPD's failure to promote him. *Id.* Pugh asserts that the reason he was not promoted was on the basis of his race. *Id.*

### IV. DISCUSSION AND ANALYSIS

The Phenix City Police Department, Chief Smith, and Assistant Chief Casteel

(collectively "Defendants") argue that the case is due to be dismissed because "pursuant to Rule 12(b)(6) [. . .] the Plaintiff's Complaint fails to state a claim upon which relief can be granted." *See* Doc. 8 at 2.  Specifically, Defendants argue that the "Phenix City Police Department is not a legal entity subject to suit," and that the "discrimination claims against [Chief Smith and Assistant Chief Casteel] are due to be dismissed because Title VII does [not] provide a cause of action against individuals."  *See* Doc. 9 at 2, 10.

A.     **Phenix City Police Department**

Defendants argue that the Phenix City Police Department is not a legal entity subject to suit.  Under Title VII, a named defendant must be a legal entity subject to suit.  *Pittman v. Montgomery Cnty. Sheriff's Dep't*, No. 206 CV 507 WKW, 2007 WL 2429210, at *2 (M.D. Ala. Aug. 22, 2007) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).  "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Dean*, 951 F.2d at 1214.  Pursuant to the Federal Rules of Civil Procedure, the capacity to sue or be sued "shall be determined by the law of the state in which the district court is held."  FED.R.CIV.P. 17(b).  "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean*, 951 F.2d at 1215 (citing *White v. Birch*, 582 So.2d 1085, 1087 (Ala. 1991)).  Here, Pugh files suit against the Phenix City Police Department.  A police department is traditionally regarded only as an agency of the city, and as such is not a legal entity subject to suit.  Thus, Pugh's claims against the Phenix City Police Department is due to be dismissed with prejudice.  However, the Court grants Pugh

leave to amend his complaint to name the appropriate entity, if any, within the time allowed by the Court.

**B.     Chief Smith and Assistant Chief Casteel**

Defendants argue that the Title VII claim against Chief Smith and Assistant Chief Casteel should be dismissed because "Title VII does [not] provide a cause of action against individuals." *See* Doc. 9 at 10.  The complaint in this case is not a model of clarity, and does not clearly state whether Chief Smith and Assistant Chief Casteel are being sued in their individual capacity, their official capacity, or both.  "When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) (citing *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985); *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993)).  Liberally construing the pro se Plaintiff's *Complaint*, the Court finds that Pugh brings suit against the Chief Smith and Assistant Chief Casteel in both their official and individual capacities.

   *i.     Individual Capacities*

Insofar as Pugh brings his Title VII claims against Chief Smith and Assistant Chief Casteel in their individual capacity, his claims are due to be dismissed.  It is well settled law in this Circuit that Title VII does not provide a cause of action against individuals.  "The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772

(11th Cir. 1991) (citing *Clanton v. Orleans Parish School Bd.*, 649 F.2d 1084, 1099 & n. 19 (5th Cir. 1981)); *see also Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006) ("As to Collins individually, the district court properly concluded that a Title VII claim may be brought only against the *employer* and not against an individual employee. [. . .] [R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act[.]") (citations omitted). Therefore, Pugh's Title VII claim against Chief Smith and Assistant Chief Casteel in their individual capacities is due to be dismissed with prejudice. *See Boone v. City of McDonough*, No. 1:12 CV 1036 WSD, 2013 WL 4670480, at *14 (N.D. Ga. Aug. 29, 2013) *aff'd*, 571 F. App'x 746 (11th Cir. 2014) (internal citation omitted) (quoting *Smith v. Lomax,* 45 F.3d 402, 403 n. 4 (11th Cir. 1995)) ("Because individual defendants 'cannot be held liable under ... Title VII,' dismissal is warranted on [p]laintiff's Title VII claim against [the individual defendant].").

   *ii.*  *Official Capacities*

  Insofar as Pugh brings his Title VII claim against Chief Smith and Assistant Chief Casteel in their official capacities, the claim against Chief Smith and Assistant Chief Casteel is due to survive dismissal at this time. While Title VII claims may not be brought against employees in their individual capacities, a Title VII claim may be brought against an individual if it is filed against a supervisory employee that can be deemed an agent of the employer. *See* 42 U.S.C.A. § 2000e (West) (defining "employer" as "a person engaged in

an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and *any agent of such a person*") (emphasis added). The Eleventh Circuit has held that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby*, 931 F.2d at 772; *see also Hinson v. Clinch Cnty., Georgia Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) ("The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer.")

Here, Pugh asserts claims against Phenix City Police Chief Ray Smith and Phenix City Assistant Police Chief Robert Casteel. It is clear to this Court that the chief of police would constitute a "supervisory employee[]" and/or an "agent[] of the employer." *See Hinson*, 231 F.3d at 827; and *Busby*, 931 F.2d at 772. Thus, Chief Smith in his official capacity is a properly named defendant. While it is arguable that the assistant chief of police may not constitute a supervisory employee or an agent of the employer, the Court is unable to discern Assistant Chief Casteel's responsibilities at this early stage of the proceeding. Therefore, out of an abundance of caution, Assistant Chief Casteel in his official capacity is a properly named defendant.[2]

Defendants also raise an argument on the merits of Pugh's complaint; however, since

---

[2] Defendants also argued that since Pugh also names Chief Smith and Assistant Chief Casteel's employer as a defendant, a claim against them in their official capacity would be redundant. Although Defendants assert a valid argument, since the Court dismissed Phenix City Police Department, the issue of redundancy is now moot.

the Court has granted the Plaintiff leave to amend his complaint, the Court reserves ruling on the merits of the case at this time.

## V. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1) To the extent Defendants move to dismiss the Title VII claim against the Phenix City Police Department, pursuant to FED. R. CIV. P. 12(b)(6), the Defendant's *Motion to Dismiss* (Doc. 8) be and is hereby **GRANTED**;

(2) That *pro se* Plaintiff George Pugh be and is hereby GRANTED leave to file an amended complaint, on or before **April 11, 2015**, that names the proper defendant(s) and contains a short and plain statement setting forth specific factual allegations from which it could be reasonable inferred that his employer discriminated against him on the basis of his race;

(3) To the extent Defendants move to dismiss the Title VII claim against Phenix City Police Chief Ray Smith and Phenix City Assistant Police Chief Robert Casteel in their individual capacities, pursuant to FED. R. CIV. P. 12(b)(6), the Defendant's *Motion to Dismiss* (Doc. 8) be and is hereby **GRANTED**; and

(4) To the extent Defendants move to dismiss the Title VII claim against the Phenix City Police Chief Ray Smith and Phenix City Assistant Police Chief Robert Casteel in their official capacities, pursuant to FED. R. CIV. P. 12(b)(6), the Defendant's *Motion to Dismiss* (Doc. 8) be and is hereby **DENIED**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to this Recommendation on or before **March 26, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of March, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE