IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14-cv-178-MHT |
| ) | |
| RAY SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, entered March 19, 2014). The Magistrate Judge recommends this case be dismissed for failure to prosecute and *Defendants Ray Smith and Robert Casteel's Renewed Motion to Dismiss* (Doc. 26, filed 10/21/15) and the *Motion for Summary Judgment* (Doc. 28, filed 11/16/15) be denied without prejudice.

**I. BACKGROUND**

This pro se complaint was filed by the plaintiff, George Pugh on March 14, 2014. *See* Doc. 1. On March 31, 2015, this Court partially granted Defendants' motion to dismiss. *See* Docs. 21-22. The Phenix City Police Department was dismissed as a defendant and the Title VII individual capacity claims against Defendants Ray Smith and Robert Casteel were dismissed. The sole remaining claims were the Title VII claims against Defendants Smith and Casteel in their official capacities. The Court further indicated Plaintiff could file an amended complaint within fourteen (14) days. No such amended complaint was received.

On October 21, 2015, Defendants Smith and Casteel filed a renewed motion to dismiss based upon the failure of the plaintiff to amend the complaint. *See* Doc. 26. The Court entered a show cause order on October 23, 2015 requiring the Plaintiff to respond on or before November 6, 2015. *See* Doc. 27. No response was filed. On November 16, 2015, the defendants also filed a motion for summary judgment. *See* Docs. 28-29. No response was received by the Court.

On January 7, 2016, the court entered an order requiring that, on or before January 22, 2016, the plaintiff inform the court of his present address. *See* Doc. 30. The plaintiff was cautioned that the failure to comply with this order would result in a recommendation that this case be dismissed. *Id.* The plaintiff has filed nothing in response to this order and the mail was returned as undeliverable.

## II.   JURISDICTION

Pugh asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as he brings claims under 42 U.S.C. §§2000e *et seq* (Title VII of the Civil Rights Act of 1964). The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both.

## III.   DISCUSSION

The Court entered a show cause order regarding Defendants' Motion to Dismiss to which Plaintiff failed to respond and the order was returned as undeliverable. In addition, the Court followed with an order directing Plaintiff to update the Court to his proper address. The Plaintiff still did not respond and the mail was returned. Plaintiff has also filed no responses to Defendants' Motion to Dismiss or the Motion for Summary Judgment. In short, the Plaintiff has

seemingly disappeared since his last action in this case in October 7, 2015.[1]

There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding.  Therefore, the Court concludes that this case is due to be dismissed for failure to prosecute.

### IV.    CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case and Plaintiff's remaining claims be dismissed without prejudice for the failure of the plaintiff to prosecute this action and his failure to comply with the orders of this court.  Consequently, the Court also can deny the *Defendants Ray Smith and Robert Casteel's Renewed Motion to Dismiss* (Doc. 26) and the *Motion for Summary Judgment* (Doc. 28) without prejudice.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 9, 2016.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*,

---

[1] Defense counsel filed the Report on Settlement Conference where they indicate Plaintiff and counsel had an in person meeting to discuss settlement, but no settlement was reached and mediation would not be beneficial.   *See* Doc. 25.

667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 26th day of January, 2016.

>/s/ Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES MAGISTRATE JUDGE